IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| v. | ) | Case No. CR-13-17-RAW |
|   | ) |   |
| RAYMOND A. BARNES, et al., | ) |   |
|   | ) |   |
|   | ) |   |
| Defendants. | ) |   |

## ORDER

Before the court is the motion of the defendant Christopher A. Brown to disqualify government counsel. Count 4 of the indictment charges defendant Brown with a violation of 18 U.S.C. §1001(a)(2), false statement to the government. It is undisputed that prosecutor Tara Gold was present (along with others) during the interview in question. Defendant seeks disqualification, stating that the prosecutor is "likely to be a necessary witness at trial."

"It is clear that a prosecutor must not act as both prosecutor and witness." *United States v. Hosford*, 782 F.2d 936, 938 (11th Cir.1986). "On the other hand, mere first-hand knowledge of facts that will be proved at trial is not a per se bar to representation." *Id.* A prosecutor should not be called as a witness for the defense except in instances of "compelling need." *See United States v. Robertson*, 897 F.2d 1092, 1098 (11th Cir.1990).

Defendant cites *United States v. Prantil*, 764 F.2d 548, 551-54 (9th Cir.1985), in which the appellate court held that the prosecutor should have been disqualified (in order to be used as a trial witness) where he "was a witness to, and indeed a participant in, some aspect of all

of the events alleged in the indictment." Here, however, defendant does not appear to wish to call Ms. Gold as a witness. Instead, he speculates that the government may use her as a rebuttal witness after the defendant testifies in his own behalf (assuming defendant does so). In its response, the government disavows any such intention: "Furthermore, the United States has no intention of calling the prosecutor as a witness, even if Defendant Brown testifies." (#61 at 6).

Whatever the present intention of the parties, "[i]t is well settled that the district court may decline to allow the defendant to call the prosecutor as a witness 'if it does not appear the prosecutor possesses information vital to the defense.'" *United States v. Wooten*, 377 F.3d 1134, 1143 (10th Cir.2004)(*quoting United States v. Troutman*, 814 F.2d 1428, 1439 (10th Cir.1987)). Other individuals were present at the interview which forms the basis of Count 4 and the defendant is free to call them.* He has not shown a "compelling need" or that Ms. Gold's testimony is "vital" to his defense. This court rules she will not be called as a defense witness, and the government is precluded from calling her as a rebuttal witness. Further, Ms. Gold "shall not, either in opening or closing statements, or during the cross examination of witnesses herein, make any improper suggestions, insinuations, or assertions of personal knowledge regarding what occurred" in the interview which is the subject of Count 4. *United States v. Hasan*, 2006 WL 1207737 at *2 (N.D.Okla.2006).

---

*"As a general rule, where the evidence can be obtained through another witness courts have refused to allow the defendant to call the prosecutor." *United States v. Hasan*, 2006 WL 1207737 at *2 (N.D.Okla.2006).

2

It is the order of the court that the motion of the defendant Brown (#60) is hereby DENIED.

ORDERED THIS 24TH DAY OF OCTOBER, 2013.

Ronald A. White
United States District Judge
Eastern District of Oklahoma